IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE BOTTOMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:16-CV-1329-M (BT) |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [ECF No. 20]. For the reasons stated, the United States magistrate judge recommends that the Court **GRANT** the Motion.

**BACKGROUND**

This removed civil action arises out of foreclosure proceedings initiated against real property located in Barry, Texas (the "Property"). *See* Original Pet. 1 [ECF No. 1-5]. In the Original Petition filed in the 13th Judicial District Court, Navarro County, Texas, Plaintiff Joe Bottoms states that he and his wife acquired the Property in May of 2003, and that he generally made timely payments on the mortgage for the Property. Original Pet. 1. Plaintiff avers that he made one late mortgage payment in 2007, but that he caught up on his payments and did not

1

have any issues with his mortgage loan until the summer of 2015, when Defendant returned his payment which caused his subsequent payments to be late. *See* Original Pet. 1. Plaintiff further avers that Defendant foreclosed on the Property on January 5, 2016, and Defendant now seeks to evict him from the Property. *See* Original Pet. 1-2.

Plaintiff alleges that the foreclosure was improper because Defendant failed to provide him with a notice of default and acceleration, and that he was not notified of the foreclosure sale. *See* Original Pet. 1-2. Plaintiff also contends that the notice of foreclosure was defective, because the original mortgagee was improperly referenced on the Substitute Trustee's Deed as Mortgage Electronic Registration Systems ("MERS"). Original Pet. 2. Plaintiff further alleges that the trustee who sold the Property was not the same trustee listed in the Deed of Trust, and that there was no Notice of Substitute Trustee that properly substituted the trustee from David W. Mann to Sharon St. Pierre. *See* Original Pet. 2. Based on these allegations, Plaintiff asserts claims against Defendant for (1) unreasonable collection practices; (2) breach of the duty of good faith and fair dealing; and (3) wrongful foreclosure. *See* Original Pet. 3.

Defendant filed a Motion to Dismiss [ECF No. 9] on December 16, 2016, which was denied without prejudice in response to Plaintiff's request that he be given an opportunity to amend his pleadings. *See* Pl.'s Resp. 4 [ECF No. 11]. The

Court ordered Plaintiff to file an amended complaint by September 15, 2017. *See* Order 2 [ECF No. 18]. When Plaintiff failed to file his amended complaint as ordered by the Court, the Court directed Defendant to re-file its Motion to Dismiss. *See* Electronic Order [ECF No. 19]. Defendant re-filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on September 28, 2017. Plaintiff never filed a response to the Motion. The Court therefore considers Defendant's Motion to Dismiss without the benefit of a response.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co.*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean*

4

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)).

## ANALYSIS[1]

### Breach of Duty of Good Faith and Fair Dealing

Defendant first moves to dismiss Plaintiff's claim for breach of the duty of good faith and fair dealing because the Original Petition fails to establish that such a duty exists in this case. "Under Texas law, absent a special relationship, there is no duty of good faith or fair dealing unless it is expressly created by contract." *Berry v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 1294008, at *11 (N.D. Tex.

---

[1] As part of its Motion, Defendant seeks to dismiss a request for declaratory relief and refers to paragraph 32 of Plaintiff's "Complaint." *See* Mot. to Dismiss 11. However, Plaintiff's Original Petition does not contain a paragraph 32, and it does not seek declaratory relief. *See* Original Pet. [ECF No. 1-5]. Therefore, the Court does not address Defendant's argument regarding declaratory relief.

5

Mar. 29, 2013) (citing *UMLIC VP, LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.-Corpus Christi 2005, pet. denied)). "'Texas courts have found no special relationship between a mortgagor and a mortgagee . . . that would impose an independent common law duty of good faith and fair dealing.'" *Berry*, 2013 WL 1294008, at *11 (quoting *UMLIC VP, LLC*, 176 S.W.3d at 612; citing *F.D.I.C. v. Coleman*, 795 S.W.2d 706, 709-10 (Tex. 1990)).

     Here, Plaintiff failed to specify the conduct that forms the basis of his claim for breach of the duty of good faith and fair dealing. He has not alleged any facts that his mortgage documents create a duty of good faith and fair dealing or that a special relationship existed between him and Defendant that would give rise to such a duty. Accordingly, this claim should be dismissed. *See Berry*, 2013 WL 1294008, at *11 ("Plaintiffs have not alleged or shown the existence of a duty of good faith and fair dealing created expressly by the Note or Deed of Trust nor a special relationship between Plaintiffs and Defendants recognized under Texas law that would imply such duties. . . . [T]he court declines to recognize a special relationship between Plaintiffs and Defendants that would give rise to the duty of good faith and fair dealing when Texas courts have not recognized such a relationship in the mortgage context."); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012) ("We also agree with the district court that the banks could not have not breached a duty of good faith and fair dealing. Under

6

Texas law, there is no such duty absent a special relationship . . . which does not generally exist between a mortgagor and mortgagee[.]" (citing *Coleman*, 795 S.W.2d at 709; *Lovell v. W. Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex. App.-Amarillo 1988, writ denied))).

<u>Wrongful Foreclosure</u>

Defendant next moves to dismiss Plaintiff's wrongful foreclosure claim on grounds that Plaintiff did not plead (1) he was not in possession of the Property; (2) the Property sold for a grossly inadequate amount; (3) a causal connection between any defect in the foreclosure proceedings and a grossly inadequate selling price; and (4) that Plaintiff tendered the amount due on the mortgage loan.

"Under Texas law, a plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." *Vargas v. Martin*, 2017 WL 2876482, at *2 (S.D. Tex. Jul. 6, 2017) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.); *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied)). Additionally, "tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims

title under a void foreclosure sale[.]" *Henderson*, 2017 WL 4513124, at *3 (citing *Willoughby v. Jones*, 251 S.W.2d 508, 509-10 (Tex. 1952)). Therefore, if "the plaintiff failed to tender the amounts due and owing under the note and deed of trust, he was not entitled to set aside the sale or rescission[.]" *Henderson*, 2017 WL 4513124, at *3 (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.-Fort Worth 1999, pet. denied)).

Furthermore, "[r]ecovery for wrongful foreclosure 'is conditioned on the disturbance of the mortgagor's possession.'" *Vargas*, 2017 WL 2876482, at *2 (quoting *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.-San Antonio 1998, no pet.)). "Where the mortgagor's possession is undisturbed, he has suffered no compensable damage." *Peterson*, 980 S.W.2d at 823 (*citing John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988 (Tex. App.-Waco 1935, writ ref'd)). "For this reason, federal courts applying Texas law have concluded that a plaintiff may not bring a wrongful foreclosure claim if the individual never lost possession of the property." *Vargas*, 2017 WL 2876482, at *2 (citing *Smith v. JPMorgan Chase Bank N.A.*, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010)); *see also Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) ("Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure." (citing *Peterson*, 980 S.W.2d at 823)).

8

A review of the Original Petition establishes that Plaintiff failed to allege facts to show that the Property was sold for a grossly inadequate price or that he tendered the debt owed under the Note. Plaintiff also alleged that he still resides at the Property, and that he is resisting Defendant's efforts to evict him. Original Pet. 2. In view of the facts alleged in the Original Petition, Plaintiff has failed to state a wrongful foreclosure claim, and this claim should be dismissed.

### Unreasonable Collection Practices

Defendant moves to dismiss Plaintiff's claim for unreasonable collection practices on the ground that such claim is barred by the economic loss rule. "Under Texas law, '[u]nreasonable collection is an intentional tort.'" *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 635 (N.D. Tex. 2010) (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.-Dallas 2008, no pet.)). "'[T]he elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case.'" *Narvaez*, 757 F. Supp. 2d at 635 (quoting *Jones*, 252 S.W.3d at 868). "Generally speaking, however, to recover on such a claim, a plaintiff must prove that [a] defendant['s] debt collection efforts amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Narvaez*, 757 F. Supp. 2d at 635 (quoting *Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010); *EMC Mortg.*, 252 S.W.3d at 868-69)

9

(internal quotation marks omitted)).

"Under Texas law, if a tort claim arises solely from the parties' contractual relationship, the tort claim is not allowed." *Jackson v. Ocwen Loan Servicing, LLC*, 2018 WL 1001859, at *5 (N.D. Tex. Jan. 8, 2018) (citing *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011)). "The economic loss rule 'generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract.'" *Jackson*, 2018 WL 1001859, at *5 (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App.-Houston [1st Dist.] 2007, pet. denied)). "Tort damages are recoverable, however, if the conduct 'would give rise to liability independent of the fact that a contract exists between the parties.'" *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 930 (N.D. Tex. Feb. 2014) (quoting *DeLanney*, 809 S.W.2d at 494).

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of a

duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co., Inc.*, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)).

The Original Petition alleges that Defendant (1) caused Plaintiff's mortgage loan to be late by returning Plaintiff's payment; (2) failed to provide Plaintiff with notice of default and acceleration; and (3) failed to notify Plaintiff of the foreclosure sale which occurred on January 5, 2016. *See* Original Pet. 1-2. However, these facts—even when taken as true—fail to state a claim for unreasonable collection efforts. The conduct alleged does not constitute excessive harassment. *See Aguilar v. Ocwen Loan Servicing, LLC*, 2018 WL 949225, at *6 (N.D. Tex. Feb. 20, 2018) (In order "to prevail on [the plaintiff's] Texas unreasonable-collection-efforts claims, the plaintiff[] must prove conduct that 'overstep[s] the bounds of routine collection methods through excessive harassment.'" (quoting *Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at *6 (S.D. Tex. Jan. 22, 2013))).

Plaintiff's unreasonable collection practices claim also fails, because the claim arises from an alleged breach of a duty created under the loan documents, which constitute the parties' contract. Plaintiff fails to set forth any facts that

11

would establish liability independent of the fact that a contract exists between the parties. Plaintiff's unreasonable collection efforts claim is, therefore, barred as a matter of law by the economic loss rule and should be dismissed.

## Dismissal With Prejudice

Finally, Defendant asks the Court to dismiss Plaintiff's claims with prejudice. *See* Mot. to Dismiss 12. Ordinarily, a plaintiff should be afforded an opportunity to amend his complaint in response to a recommended dismissal or when the action is to be dismissed pursuant to a court order. *See Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 755 (N.D. Tex. 2013). However, the Court may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff has had ample opportunity to amend the pleading to state a claim upon which relief can be granted, but chooses not to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). In this case, the Court gave Plaintiff an opportunity to amend his Original Petition, but Plaintiff failed to do so. Plaintiff also failed to file a response to Defendant's Motion to Dismiss. Plaintiff has had ample opportunity to amend his petition, and has chosen not to amend. Under these circumstance, Plaintiff's claims should be dismissed with prejudice.

## RECOMMENDATION

The District Court should **GRANT** Defendant's Motion to Dismiss [ECF

No. 20] in its entirety. All of Plaintiff's claims and causes of action should be **DISMISSED** with prejudice.

**SO RECOMMENDED**.

May 18, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).